# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM B. NEAL** | * | |
| | * | |
| v. | * | Civil No. JKS 09-2316 |
| | * | |
| **MICHAEL J. ASTRUE** | * | |
| **Commissioner of Social Security** | * | |
| | * | |

## MEMORANDUM OPINION

Plaintiff William B. Neal brought this action pursuant to 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-433. The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition. Neal's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Neal's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

## 1. Background.

Neal filed an application for DIB on October 20, 2006, (R. 132-36), alleging an onset of disability on December 31, 2001. (R. 143, 147). Following denial of his claims initially and on reconsideration, (R. 80-83, 90-91), an Administrative Law Judge (ALJ) held a hearing on May 5, 2008 and July 31, 2008, at which Neal was represented by an attorney. (R. 25-77). On September 2, 2008, the ALJ found that Neal was not disabled within the meaning of the Act. (R. 12-24). The Appeals Council denied Neal's request for a review, rendering the ALJ's determination as the final decision of the Commissioner of Social Security. (R. 1-3).

**2. ALJ's Decision.**

The ALJ evaluated Neal's DIB claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520. First, the ALJ determined that Neal has not engaged in substantial gainful activity since his disability onset date. (R. 17). At step two, the ALJ concluded that Neal has the following severe impairments: diabetes mellitus and other unspecified arthropathies. *Id.* However, at step three the ALJ determined that Neal's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 17-18). In evaluating Neal's residual functional capacity (RFC) at step four, the ALJ found that Neal has the ability to perform the exertional demands of light exertional and alternatively sedentary exertional work, and that he is unable to return to his past relevant work. (R. 18-22). At step five, the ALJ found that considering Neal's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (R. 22-24). As a result, the ALJ determined that Neal was not disabled within the meaning of the Act. (R. 24).

**3. Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a

refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. <u>Discussion</u>.**

Neal raises two issues in his appeal. First, he claims that the ALJ erroneously relied on the testimony of a vocational expert (VE) in determining that Neal's work-related limitations were not disabling. Second, Neal asserts that the ALJ improperly relied on the VE's testimony because the ALJ did not ask a proper hypothetical question of the VE.

    A. The ALJ Properly Relied on the VE's Testimony in Finding that Neal's Work-Related Limitations, Including a Sit/Stand Option, Were Not Disabling.

At the final step of the sequential evaluation, the Commissioner bears the burden to show that there were other jobs, existing in significant numbers in the national economy, that the claimant could perform, consistent with the claimant's age, education, work history and functional limitations. *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983); 20 C.F.R. § 404.1520(a)(v). To meet this burden, the Commissioner may refer to the Medical-Vocational Guidelines (also referred to as "the grids") set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2. *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987). If an individual's RFC does not match the definition of any one of the ranges of work as defined in § 404.1567, "the occupational base is affected and may or may not represent a significant number of jobs in terms of the rules directing a conclusion as to disability." Soc. Sec. Ruling 83-12, 1983 WL 31253 at *2. When the exertional level falls between two rules which direct opposite conclusions—i.e. "Not disabled" at the higher exertional level and "Disabled" at the lower exertional level—the Ruling acknowledges that more difficult judgments are involved to determine the extent of erosion of the occupational base and advises that the ALJ seek the assistance of a VE. *Id.* at *2-3. The

3

Ruling also encourages an ALJ to consult a VE in cases of alternate sitting and standing. *Id.* at *4.

Contrary to Neal's argument, the ALJ was not limited to considering only the Medical-Vocational Guidelines in determining whether Neal was disabled under the Act. Here, Neal falls between two rules: "not disabled" on the light work grid, and "disabled" on the sedentary work grid. The full range of light work requires the ability to stand or walk for up to six hours per workday or sit "most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b); Soc. Sec. Ruling 83-10, 1983 WL 31251 at *5-6. The full range of sedentary work requires the ability to stand or walk for up to two hours per workday. 20 C.F.R. § 404.1567(a); Soc. Sec. Ruling 83-10 at *5. Neal's physical exertional level is between sedentary and light; the ALJ found that Neal could stand or walk for a total of four hours in an eight-hour day, and sit for a total of six hours in an eight-hour day. (R. 18). The ALJ also found that Neal requires the option to alternate between sitting and standing such that not more than half-an-hour is required to either sit or stand at any one time period. *Id.* The ALJ's findings exceed the definition of sedentary work because Neal can stand or walk for more than two hours per workday, but they fall short of the full range of light work because Neal cannot stand or walk for six hours per workday. This is the very type of situation anticipated by Ruling 83-12 because the application of each of these exertional levels on the grids produces contradictory outcomes. On the sedentary work grid, Neal is "Disabled" (Rule 201.10), and on the light work grid, Neal is "Not disabled" (Rule 202.11). Accordingly, following the recommendation of Ruling 83-12, the ALJ properly relied on the testimony of the VE to reconcile these contradictory outcomes, especially given that Neal needs to alternate every 30 minutes between sitting and standing.

Neal argues that he should have been found disabled because "there was no evidence that [he] had transferable skills to a sedentary job." Dkt. No. 11, p. 5. He further contends that the ALJ asserted that Neal could do skilled or semi-skilled work without analysis of Neal's abilities or reference to evidence. *Id.* However, the ALJ never determined that Neal could perform skilled or semi-skilled work. Instead, the ALJ found that Neal's past relevant work was semi-skilled, and that Neal is unable to perform his past relevant work. (R. 22). Contrary to Neal's suggestion that the ALJ should have evaluated his inability to perform past relevant work as "Unskilled or none" under the grid column of "Previous work experience," the ALJ properly applied Neal's limitations as "Skilled or semi-skilled skills not transferable," which is consistent with the finding that Neal can no longer perform his semi-skilled work as a truck driver. Neal agrees that he was an individual "closely approaching advanced age" and had a "limited or less" education. *See* Dkt. No. 11, p. 4; 20 C.F.R. Part 404, Subpart P, Appendix 2. In applying all of these limitations to both the sedentary work and light work grids, the grids produce the outcomes of "Disabled" and "Not disabled," respectively. As discussed above, it was thus proper for the ALJ to rely on the testimony of the VE to make a determination as to disability.

Neal further argues that the ALJ should have found him disabled because the sit/stand option precludes work under the Medical-Vocational Guidelines. Neal specifically cites to Ruling 83-12 and Ruling 96-9p in support of his conclusion that he is not able to engage in substantial gainful activity at the sedentary level. As Neal correctly points out, "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will." Soc. Sec. Ruling 83-12 at * 4. Also, where alternate sitting and standing cannot be accommodated by scheduled breaks, the occupational base for a full range of unskilled sedentary work will be eroded. Soc. Sec. Ruling 96-9p, 1996 WL 374185 at *7. However, although a sit/stand option

negatively impacts the number of unskilled jobs available, Ruling 83-12 "acknowledges that there are jobs that allow sit/stand options." *Walls v. Barnhart*, 296 F.3d 287, 291 (4th Cir. 2002) (finding no contradiction between Ruling 83-12 and the ALJ's finding that the claimant was not disabled, based on the VE's testimony that despite the limitations posed by the sit/stand option, the claimant could still perform certain unskilled light or sedentary jobs); Soc. Sec. Ruling 83-12 at *4. Moreover, the ALJ is not limited to consulting only the Medical-Vocational Guidelines because the Rulings encourage the ALJ to consult a VE to determine the effect of the sit/stand option on the claimant's occupational base and ability to adjust to other work. Soc. Sec. Ruling 83-12 at *4; Soc. Sec. Ruling 96-9p at *7; *Walls*, 296 F.3d at 290-91. Accordingly, the ALJ properly relied upon the VE's testimony in determining that Neal is not disabled.

B.  The ALJ Properly Relied on the VE's Testimony Because the ALJ's Hypothetical Question Accurately Reflected Neal's Work-Related Limitations

"In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (citations omitted). The ALJ is afforded great latitude in posing hypothetical questions to a VE. *France v. Apfel*, 87 F. Supp. 2d 484, 490 (D. Md. 2000) (quotations and citation omitted).

The ALJ properly relied on the VE's testimony because the hearing transcript reveals that the hypothetical question properly considered all of Neal's work-related limitations. For the first hypothetical, the ALJ assumed several limitations, such as no kneeling, crawling, or climbing, among others; a moderate level of pain; moderate limitations on performing activities within a schedule, maintaining regular attendance for reliability purposes, and being punctual within customary tolerances; the ability to stand/walk for up to four hours per workday and sit for up to

six hours per workday; and the option to alternate between sitting and standing at least every thirty minutes. (R. 38-39). The VE testified that at the light exertional level, the individual could work as a counter clerk, gate guard, or office helper, all of which are unskilled jobs. (R. 23, 41-42). At the sedentary exertional level, the available jobs were document preparer, charge account clerk, and order clerk, all of which are unskilled jobs. (R. 23, 42). The ALJ could rely upon the VE's testimony because the hypothetical question accurately set out all of Neal's impairments. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005); *France*, 87 F. Supp. 2d at 490-91 (finding that the ALJ's hypothetical questions to the VE were based on substantial evidence and reflected the claimants limitations when ALJ asked VE to consider all documentary evidence, testimony heard at the hearing, and claimant's specific limitations).

Neal argues that the ALJ cannot rely on the VE's testimony because the ALJ did not expressly ask the VE to "consider a combination of all the limitations," and suggests that the ALJ's hypothetical limited the VE to consider each limitation "in and by itself." However, the ALJ never asked the VE to consider the limitations in isolation. Although the ALJ did not specifically ask the VE to consider them in combination, the statute, regulations and Rulings do not require such specific language. Rather, the ALJ's hypothetical question containing all of Neal's limitations satisfies the requirement that the VE's testimony "be in response to hypothetical questions which fairly set out all of claimant's impairments." The Fourth Circuit has found no reversible error when an ALJ presents various hypotheticals en masse to the VE, and the ALJ relies on the testimony given in response to the hypothetical which accurately reflects the claimant's limitations. *Walls*, 296 F.3d at 291.

Finally, Neal argues that the ALJ failed to ask the VE to consider whether "all of the moderate impairments preclude skilled or semi-skilled work." Dkt. No. 11, p. 8. However,

7

because all of the occupations cited by the VE were unskilled, (R. 23), it is irrelevant what effect Neal's moderate impairments would have had on skilled or semi-skilled work.

**5. Conclusion.**

For the foregoing reasons, Neal's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted. A separate Order will be entered.


Date:  April 29, 2010                                              /S/                          
                                                                JILLYN K. SCHULZE
                                                                United States Magistrate Judge